IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

IN RE MENTOR CORP. OBTAPE        *    MDL Docket No. 2004
                                      4:08-MD-2004 (CDL)
TRANSOBTURATOR SLING PRODUCTS    *
                                      Case No.
LIABILITY LITIGATION             *    4:12-cv-176 (T. Taylor)

_____

## O R D E R

Defendant Mentor Worldwide LLC developed a suburethral sling product called ObTape Transobturator Tape, which was used to treat women with stress urinary incontinence. Plaintiff Teresa Taylor was implanted with ObTape, and she asserts that she suffered injuries caused by ObTape. Taylor brought this product liability action against Mentor, contending that ObTape had design and/or manufacturing defects that proximately caused her injuries. Taylor also asserts that Mentor did not adequately warn her physicians about the risks associated with ObTape. Mentor contends that Taylor's claims are barred by the applicable statute of limitations. For the reasons set forth below, the Court disagrees, and Mentor's Motion for Summary Judgment (ECF No. 45 in 4:12-cv-176) is denied.

## SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a).   In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor.   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).   A fact is *material* if it is relevant or necessary to the outcome of the suit.   *Id.* at 248.   A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party.   *Id.*

FACTUAL BACKGROUND

Viewed in the light most favorable to Taylor, the record reveals the following.

Taylor has lived in Florida all her life.   She lives in the Florida panhandle, and Dothan, Alabama is a convenient place for her to seek medical treatment.   All medical treatment relevant to this action occurred in Alabama.   Taylor experienced symptoms of stress urinary incontinence, and she visited Dr. Jonathan Vukovich for a consultation.   Dr. Vukovich recommended ObTape, which he implanted Taylor with on March 18, 2004.   The next year, Taylor returned to Dr. Vukovich with symptoms of bladder discomfort, suprapubic pain, dyspareunia, and vaginal tenderness.   Dr. Vukovich diagnosed Taylor with a moderate bladder inflammation and prescribed an antibiotic.   Another year later, Taylor returned to Dr. Vukovich with symptoms of low back

pain and urinary frequency.  Dr. Vukovich diagnosed Taylor with a moderate bladder inflammation and prescribed another antibiotic.  Another year later, in 2007, Taylor told Dr. Vukovich that she was experiencing urinary frequency, pressure, back pain, and bladder pain.  Dr. Vukovich prescribed another antibiotic.

In October 2007, Taylor visited her gynecologist with symptoms of vaginal itching and burning.  The gynecologist diagnosed her with vaginitis.  Taylor saw Dr. Vukovich again in 2008 with symptoms of burning with urination, urinary frequency and urgency, and recurrent leaking.  Dr. Vukovich again diagnosed her with a bladder inflammation consistent with chronic cystitis, and he prescribed an antibiotic.  And on July 29, 2011, Taylor saw Dr. Vukovich with symptoms of recurrent stress incontinence.  Dr. Vukovich recommended that Taylor's ObTape be removed and replaced with another sling.  Dr. Vukovich removed the center portion of Taylor's ObTape on August 29, 2011, and he implanted a Mentor Aris mesh sling.  Taylor claims that ObTape caused her to experience vaginal pain, chronic inflammation, and dyspareunia.

Taylor filed her Complaint on July 12, 2012.  *See generally* Compl., ECF No. 1 in 4:12-cv-176.  She brought claims for personal injury under a variety of theories, including strict

liability/design defect, strict liability/failure to warn, strict liability/manufacturing defect, and negligence.

## DISCUSSION

Taylor filed her action in this Court under the Court's direct filing order. The parties agreed that for direct-filed cases, the "Court will apply the choice of law rules of the state where the plaintiff resides at the time of the filing of the complaint." Order Regarding Direct Filing § II(E), ECF No. 446 in 4:08-md-2004. Florida's choice of law rules thus apply. Mentor contends that under Florida's choice of law rules, Alabama's statute of limitations applies. Taylor does not dispute that her claims are untimely under the Alabama statute of limitations.[1] Taylor argues that Florida's statute of limitations applies. Mentor does not argue that Taylor's claims are untimely under the Florida statute of limitations.[2]

---

[1] Under Alabama law, a claim for personal injuries must be brought within two years after the claim accrues. Ala. Code § 6-2-38(1). "A cause of action accrues as soon as the party in whose favor it arises is entitled to maintain an action thereon." *Smith v. Medtronic, Inc.*, 607 So.2d 156, 159 (Ala. 1992). The statute of limitations begins to run when a plaintiff first suffers damages as a result of the act causing the injury. *Id.* Alabama does not have a discovery rule in most cases. Thus, if Alabama law applies, Taylor's claims accrued in 2005 when she started having complications she attributes to ObTape.

[2] Under Florida law, the statute of limitations for negligence and product liability claims is four years. Fla. Stat. Ann. § 95.11(3)(a) & (e). The statute of limitations for a product liability action begins to run "from the date that the facts giving rise to the cause of action were discovered, or should have been discovered with the exercise of due diligence." Fla. Stat. Ann. § 95.031(2)(b). Thus, if Florida law applies, Taylor's claims did not accrue until her ObTape was removed and replaced in 2011.

Florida adopted a "significant relationships test" to determine which state's law applies. *Bishop v. Fla. Specialty Paint Co.*, 389 So.2d 999, 1001 (1980). Under that rule, the following factors are considered: "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." *Id.* (quoting Restatement (Second) of Conflict of Laws §§ 145-146 (1971)).

Mentor does not dispute that Taylor's injury occurred in Florida, where she has lived her entire life and where her symptoms arose. The conduct causing the injury occurred in California and Minnesota, where ObTape was manufactured and where key decisions about ObTape's design and warnings were made, and in Alabama, where Taylor's ObTape was sold to her doctor. Taylor is a Florida resident, and Mentor is a New Jersey corporation that has had significant operations in California and Minnesota. There was no direct relationship between Taylor and Mentor, but Taylor's doctor recommended ObTape and implanted it in Alabama. The upshot is that two of the factors—place of injury and residence of the plaintiff—weigh in favor of applying Florida law, while two factors—place of

conduct and center of relationship—weigh in favor of applying Alabama law.

Under most circumstances, "[t]he state where the injury occurred [is] the decisive consideration in determining the applicable choice of law." *Id.*; *accord Mezroub v. Capella*, 702 So.2d 562, 565 (Fla. Dist. Ct. App. 1997) ("If no state has a clearly dominant interest, then the court should apply the law of the place of injury . . . ."). Mentor relies heavily on a U.S. District Court case, *Chapman v. DePuy Orthopedics, Inc.*, 760 F. Supp. 2d 1310 (M.D. Fla. 2011), to argue that the place of Taylor's injury does not merit decisive consideration. In *Chapman*, the plaintiff lived in Virginia when she had a hip replacement surgery. Years later, she moved to Florida, and the replacement hip developed a fracture that required a surgical fix, so the plaintiff consulted with her Virginia doctor and went back to Virginia for an additional surgery. The plaintiff sued in Florida, where her injury occurred. But none of the other factors weighed in favor of applying Florida law because the device was designed and manufactured in Indiana and sold in Virginia to a Virginia resident. The *Chapman* court concluded that the place of injury was pure happenstance and that Florida had "little actual significance for the cause of action." *Id.* at 1314 (quoting *Bishop*, 389 So.2d at 1001); *see also Celotex Corp. v. Meehan*, 523 So.2d 141, 148 (Fla. 1988) (finding that the

state where plaintiff happened to be diagnosed with asbestosis did not have as significant a relationship to the case as the state where the plaintiff resided and was exposed to asbestos); *Futch v. Ryder Truck Rental, Inc.*, 391 So.2d 808, 809 (Fla. Dist. Ct. App. 1980) (finding that state of truck accident was "pure happenstance" and that state where truck was contracted for, serviced, and maintained had a more significant relationship to the case).

The Court is not convinced that the place of injury here was pure happenstance. This is not a case where the injury happened to occur while Taylor was traveling in Florida. Rather, the injury occurred where she has lived her entire life. The Court is thus not persuaded that *Chapman* should be applied to minimize the significance of the place of injury in this case. While two of the factors do weigh in favor of applying Alabama law, "[t]he state where the injury occurred [is] the decisive consideration in determining the applicable choice of law." *Bishop*, 389 So.2d at 1001; *cf. Mezroub*, 702 So.2d at 566 (noting that none of the parties were citizens of the state where the car accident occurred, so that state had little interest in application of its law) For all of these reasons, the Court concludes that Florida has the most significant relationship to this case.

7

Mentor does not dispute that under Florida law, Taylor's Complaint was timely.  The statute of limitations for product liability and negligence claims is four years.  Fla. Stat. Ann. § 95.11(3)(a) & (e).  The statute of limitations for a product liability action begins to run "from the date that the facts giving rise to the cause of action were discovered, or should have been discovered with the exercise of due diligence."  Fla. Stat. Ann. § 95.031(2)(b).  Taylor's doctors repeatedly diagnosed her with bladder inflammation and other ailments, but they did not ever suggest to Taylor that ObTape caused her symptoms.  A reasonable juror could thus conclude that Taylor's claims did not accrue until her doctor told her in 2011 that her ObTape needed to be removed and replaced.  Taylor filed her Complaint the next year, in 2012, so her Complaint was timely.

CONCLUSION

For the reasons set forth above, Mentor's Motion for Summary Judgment (ECF No. 45 in 4:12-cv-176) is denied.  Within seven days of the date of this Order, the parties shall notify the Court whether the parties agree to a *Lexecon* waiver.


IT IS SO ORDERED, this 4th day of August, 2015.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA